1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL NELSON,                          Case No.  1:21-cv-00222-JLT-BAM

12              Plaintiff,                     **FINDINGS AND RECOMMENDATIONS
                                               REGARDING PLAINTIFF MICHAEL**
13        v.                                   **NELSON'S MOTION FOR AN ORDER TO
                                               REMAND THIS CASE TO STATE COURT**
14   FOSTER POULTRY FARMS, et al.,
                                               (Doc. 8)
15              Defendants.

16

17

18          This matter is before the Court on Plaintiff Michael Nelson's ("Plaintiff") motion to

19   remand this action to state court, filed on March 22, 2021.  (Doc. 8.)  Defendants Foster Poultry

20   Farms and Foster Farms, LLC (collectively "Foster Farms") opposed the motion on April 9, 2021,

21   and Plaintiff replied on April 16, 2021.  (Docs. 11, 12.)  The motion was referred to the

22   undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)

23   and Local Rule 302(a).  Prior to the referral, the district court notified the parties that the motion

24   would be decided on the papers pursuant to Local Rule 302 and the Standing Order Re Judicial

25   Emergency.  (Doc. 9.)  Having considered the parties' briefing, and for the reasons that follow,

26   the Court recommends that Plaintiff's motion to remand be denied.

27   ///

28   ///

                                                1

1     **I.      BACKGROUND**

2     Plaintiff, an African-American male, worked for Foster Farms from April 12, 2011, to

3     March 5, 2019, the date of his termination.  He worked as a warehouse receiver, then a back-up

4     warehouse lead, then he was promoted to active warehouse lead and later demoted to back-up

5     warehouse lead.  (Doc. 1 at Ex. A, Compl., at ¶ 8.)  During his employment, Plaintiff was a

6     member of a labor union, and a collective bargaining agreement ("the CBA") governed the terms

7     of his employment.  (Doc. 1, Notice of Removal at ¶13; Doc. 2, Decl. of Alyssa Melo ("Melo

8     Decl.") at ¶ 3.)  Plaintiff contends that during his tenure with Foster Farms he was subjected to

9     disparate treatment, discrimination, and harassment due to his race, color, ancestry, national

10    origin, and disability.  (Compl. at ¶ 11 and pp. 14-16.)

11    Plaintiff filed his complaint against defendants Foster Farms, Julian Moreno and Anna

12    Reynoso in Merced County Superior Court on December 29, 2020.  Plaintiff alleges that he was

13    passed up for promotions while non-African American employees were promoted and that he was

14    disciplined for situations and practices for which non-African American employees were not

15    disciplined.  (*Id.* at ¶ 11.)  Plaintiff also alleges that he suffered from disabilities, including

16    shoulder pain, of which Foster Farms was on notice.  (*Id.* at ¶¶ 10-11.)  Plaintiff alleges that

17    defendants failed to engage in the interactive process with him and failed to accommodate him.

18    Additionally, Plaintiff alleges that defendants retaliated against him for participating in protected

19    activity, for his opposition to Labor Code violations, and for filing a complaint with the EEOC to

20    address the alleged discrimination.  (*Id.* at ¶ 11 and pp. 16-17.)  Plaintiff claims that he was

21    wrongfully terminated, which caused severe emotional distress. (*Id.* at ¶¶ 12, 14.)

22    Based on these allegations, Plaintiff's complaint includes claims for: (1) discrimination in

23    violation of California's Fair Employment & Housing Act ("FEHA"); (2) harassment in violation

24    of FEHA; (3) retaliation in violation of FEHA; (4) failure to engage in the interactive process; (5)

25    failure to provide reasonable accommodation; (6) negligent hiring, supervision, and retention; (7)

26    breach of express oral contract not to terminate without good cause: (8) breach of implied-in-fact

27    contract not to terminate without good cause; (9) violation of Labor Code § 1102.5; (10) wrongful

28    termination in violation of public policy; and (11) intentional infliction of emotional distress.  As

1    relief, Plaintiff seeks general and exemplary damages, attorneys' fees and costs, and declaratory

2    relief. (*See* Compl.)

3          On February 19, 2021, Foster Farms removed the action to this Court on the grounds of

4    federal question jurisdiction, arguing that Plaintiff's claims are preempted under § 301 of the

5    Labor Management Rights Act ("LMRA"), 28 U.S.C. § 185.  (Doc. 1 at ¶ 9.)  Plaintiff now

6    moves to remand the action to state court, asserting that none of his claims are preempted.

7    **II.    Legal Standards**

8          **A.  Removal**

9          Federal courts are courts of limited jurisdiction and may adjudicate only those cases

10   authorized by the United States Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511

11   U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if

12   it is based on diversity jurisdiction or presents a federal question. 28 U.S.C. § 1441(a). *City of*

13   *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Here, Foster Farms asserts that this

14   Court has federal question jurisdiction.  (Doc. 1 at ¶ 9.)  A case presents a federal question if a

15   claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

16         The removal statutes are strictly construed, and removal jurisdiction is to be rejected in

17   favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of*

18   *Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*,

19   599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

20   F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

21   defendant seeking removal of an action from state court bears the burden of establishing grounds

22   for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris*

23   *USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must

24   remand the case "[i]f at any time before final judgment it appears that the district court lacks

25   subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042,

26   1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)

27   (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

28   ///

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. Williams*, 482 U.S. 386, 392 (1987). "A state action cannot be removed to federal court based on a federal defense, even that of preemption ... but it can be removed if completely preempted: the preemptive force of a statute may be so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996–97 (9th Cir. 1987) (internal citations and quotations omitted) (quoting *Caterpillar, Inc.*, 482 U.S. at 393). "[T]o remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Id.* at 997.

### B.  LMRA Preemption

Foster Farms asserts that Plaintiff's causes of action cannot be resolved without reliance on and an analysis of the CBA, and thus his claims are preempted by § 301 the LMRA.   (Doc. 1 at ¶¶ 9, 12, 18.)  Plaintiff moves to remand, arguing that his claims, which are predominantly based on violations of FEHA, are not preempted.  (Doc. 8 at 9, 15.)

The LMRA is one of only a handful of statutes that the Supreme Court has held completely preempts state law. *Watkins v. Woodridge Prods., Inc.*, No. CV 19-5821 PSG (MAAx) 2020 WL 949513, at *2 (C.D. Cal. Feb. 27, 2020).  In *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007), the Ninth Circuit set forth a two-part inquiry to determine whether a state law claim is preempted by section § 301.  First, courts must inquire "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."  *Id.* at 1059.  "If the right exists solely as a result of the CBA, then the claim is preempted."  *Id.*  If not, then courts proceed to the second part of the inquiry and ask whether the right is "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 394). "If such dependence exists, then the claim is preempted by section 301."  *Burnside*, 491 F.3d at 1059-60.  Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises

under federal law." *Caterpillar*, 482 U.S. at 393; *see also Diaz v. Sun-Maid Growers of Cal.*, No. 1:19-cv-00149-LJO-SKO, 2019 WL 1785660, at *7–8 (E.D. Cal. Apr. 24, 2019) (denying motion to remand after determining that plaintiff's overtime claim preempted by § 301).

Here, Foster Farms contends, and Plaintiff does not dispute, that at the time of his termination he was a member of a labor union, and a collective bargaining agreement governed the terms of his employment.  The Court now addresses whether Plaintiff's claims are preempted by § 301 of the LMRA.

### III.    Discussion

#### A.  Plaintiff's Breach of Express Oral and Implied-In Fact Contract Claims

Foster Farms contends that § 301 of the LMRA preempts Plaintiff's claims for breach of express oral contract and implied-in-fact contract not to terminate without good cause.  (Doc. 11 at 10-11.)  Plaintiff argues that these causes of action arise out of oral agreements between Plaintiff and Foster Farms, not upon a right conferred pursuant to any written CBA. (Doc. 8 at 24.)  Courts have rejected similar arguments that such agreements were extrinsic to any CBA. *See Garcia v. Rite Aid Corp.*, No. CV 17-02124 BRO (SKx), 2017 WL 1737718, at *4 (C.D. Cal. May 3, 2017) (rejecting argument that express oral contract and implied-in-fact contract "were extrinsic to any CBA between the parties and, therefore, are not based on the CBA.").  In LMRA cases, "[u]nder the 'artful pleading' doctrine, a plaintiff cannot defeat removal of a federal claim by disguising it or pleading it artfully as a state claim. If the claim involved is one arising under federal law, the court will recharacterize the claim and uphold removal." *Ku v. Argent Hotel Mgmt., LLC*, No. 20-CV-05026-LB, 2020 WL 5836506, at *4 (N.D. Cal. Oct. 1, 2020) (citation omitted).

Here, Plaintiff's seventh and eighth claims for breach of an oral contract and for breach of an implied-in-fact contract are based on whether or not Foster Farms terminated Plaintiff's employment for "good cause."  (Compl. at ¶¶ 43-48; 49-53.)  With respect to discharge, the CBA provides a non-exhaustive list of reasons that qualify for "just cause" termination as follows:

> **20.1** […] the Employer shall have the sole and exclusive right to terminate employment of any employee for just cause, including, but not limited to insubordination, falsification of records, dishonesty, disruptive conduct, theft,

fighting or assaulting another person, destruction of property, use of or sale of any illegal substances at any time during the work day or while on the property of the Employer, or reporting to work under the influence of alcohol or illegal substances . . . .

(Doc. 2, Ex. A to Melo Decl. at ¶ 20.1.)  To determine the meaning of "good cause" or "just cause" requires interpretation of the CBA, which governs Plaintiff's employment with Foster Farms.  District courts in the Ninth Circuit have found that breach of contract claims such as those asserted here and the issue of "good cause" or 'just cause" require interpretation of the CBA and are, therefore, preempted by § 301.  *See, e.g.*, *Bridget v. Telecare Corp.,* No. 2:19-cv-01224-AB (JCx), 2019 WL 1931740, at *3 (finding § 301 preemption of plaintiff's express oral and implied-in-fact contract claims in discrimination action; contract claims were "inextricably intertwined with and substantially dependent on an interpretation of the CBA" which included provisions regarding employer's right to discharge employees for just cause); *Dokes v. Safeway, Inc*., No. 2:15-CV-01157-TLN-DB, 2018 WL 1518562, at *15 (E.D. Cal. Mar. 28, 2018) (finding plaintiff's claims for breach of implied contract and for breach of covenant of good faith and fair dealing in discrimination action were based on whether defendant terminated plaintiff's employment for good or just cause, which required interpretation of the CBA, and were therefore preempted); *Ibrahim v. CVS Rx Servs., Inc.*, No. CV 15-6372 FMO (JCX), 2016 WL 184415, at *4 (C.D. Cal. Jan. 15, 2016) ("Courts in the Ninth Circuit have held that allegations that an employer breached an individual employment contract that is alleged to be independent of a CBA are preempted if the subject matter of the individual contract concerns 'a job position covered by the CBA.'") (finding breach of implied contract claim preempted by the LMRA); *accord Quigley v. United Airlines, Inc.,* No. 3:21-cv-00538-WHO, 2021 WL 1176687, at *10 (N.D. Cal. Mar. 29, 2021) (discussing LRMA preemption of claims for breach of express oral contract and implied-in-fact contract not to terminate without good cause where employment relationship grounded in CBA).  The Court therefore finds that Plaintiff's breach of contract claims are preempted by § 301, the matter was properly removed, and Plaintiff's motion for remand of this case to state court should be denied.

///

6

1    Plaintiff tacitly acknowledges that his breach of contract claims are preempted by § 301.

2  Plaintiff reportedly has offered to enter into a joint stipulation with defendants to dismiss his

3  seventh and eighth causes of action, but defendants have been unwilling to enter such a

4  stipulation.  (Doc. 8 at 24.)  In the absence of a stipulation, Plaintiff seeks voluntary dismissal

5  with judicial consent of his seventh and eighth causes of action under Federal Rule of Civil

6  Procedure 41(a)(2).  (*Id.* at 25.)

7    However, Rule 41(a) is not the proper mechanism for a plaintiff to dismiss some but not

8  all claims against a particular defendant.  Instead, this must be accomplished by amendment

9  under Rule 15(a). *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683,

10  687-88 (9th Cir. 2005); *see also Gen. Signal Corp v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513

11  (9th Cir. 1995) ("Rule 15, not Rule 41, governs the situation when a party dismisses some, but

12  not all, of its claims.").  Therefore, the Court recommends that Plaintiff's request for voluntary

13  dismissal of his seventh and eighth causes of action be denied.

14    In his reply, Plaintiff asserts that if the Court is not inclined to dismiss his seventh and

15  eighth causes of action, then he requests that "he be granted leave to amend his complaint to

16  remove said claims, and that the ruling on this motion be deferred until after said amended

17  complaint is filed."  (Doc. 12 at 10.)  Although Rule 15 provides that the "court should freely give

18  leave [to amend] when justice so requires," the Court declines to address Plaintiff's request for

19  leave to amend.  No motion to amend has been filed and Defendants have not had an opportunity

20  to respond to Plaintiff's request, which was raised for the first time in his reply brief.  Plaintiff

21  will not be precluded from seeking leave to amend his complaint.

22                              **B.  Remaining Claims**

23    It is unnecessary to determine whether Plaintiff's remaining claims are preempted.  Those

24  claims relate to the same defendants and are grounded in Plaintiff's employment during the same

25  period of time.   Therefore, to the extent Plaintiff's remaining claims are not subject to

26  preemption, supplemental jurisdiction over such claims would be appropriate.  *See* 28 U.S.C. §

27  1367(a).

28  *///*

7

**IV.    Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff Michael Nelson's Motion for an Order to Remand this Case to State Court be denied; and

2.  Plaintiff's request for voluntary dismissal of his seventh and eighth causes of action pursuant to Federal Rule of Civil Procedure 41(a) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 30, 2022**__                    _____ /s/ *Barbara A. McAuliffe* _____
                                                                     UNITED STATES MAGISTRATE JUDGE